HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SU SHIN,

    Plaintiff,

v.

ESURANCE INSURANCE COMPANY,
ESURANCE PROPERTY AND
CASUALTY INSURANCE COMPANY,
ESURANCE INC., ESURANCE
INSURANCE SERVICES,INC.,

    Defendants.

Case No. C8-5626 RBL

ORDER ON DEFENDANTS' MOTION
TO DISMISS

THIS MATTER comes before the Court on Defendants' Motion to Dismiss First Amended Complaint [Dkt. #8]. The Court has reviewed the materials submitted in support of, and in opposition to, the motion. Oral argument is not necessary to resolve the issues presented.

**FACTUAL BACKGROUND**

The facts relevant to this dispute are relatively straightforward. Sometime in 2006, Plaintiff Su Shin purchased an automobile insurance policy issued by Defendant Esurance Insurance Company ("EIC"). Policies issued by EIC in Washington are administered, for claims adjustment and other purposes, by Defendant Esurance Insurance Services, Inc. ("EISI"). In addition to comprehensive coverage, Ms. Shin purchased

ORDER
Page - 1

coverage for accidents caused by underinsured and uninsured motor vehicles ("UIM coverage"). The coverage required the insurance company to pay "damages which an 'insured' is legally entitled to recover" because of bodily injury, death, or property damage caused by an underinsured or uninsured motorist.

On April 6, 2008, Ms. Shin was involved in an accident while driving her 2007 BMW 328xi, caused solely by a negligent underinsured motorist. A repair estimate of her car indicated that it sustained $9,432.43 of damage. EIC elected to repair the vehicle under Ms. Shin's UIM coverage. Ms. Shin's contention, and the basis of this lawsuit, is that EIC has an obligation to pay additional damages for the diminished value of cars that remains after full repairs, fails to notify insured drivers of that obligation, and fails to inspect cars for diminished value loss.

In addition to EIC and EISI, Ms. Shin brings suit against Esurance Property and Casualty Insurance Company ("EPCIC") and Esurance Inc ("EI"). EIC and EPCIC issue policies throughout several states. Ms. Shin alleges that EISI and EI act as agents and alter-egos of EIC and EPCIC. Further, she claims all employees who handle claims and set claims handling policies for EIC and EPCIC are EISI or EI employees. In sum, according to Ms. Shin, the four entities are alter-egos, juridically linked, and form a single enterprise responsible for the acts of which she complains.

Ms. Shin also seeks redress for Defendants' mischaracterization of certain claims. Specifically, she alleges that Defendants routinely use the terms of other class members' comprehensive or collision coverage when damage is more properly covered under UIM coverage. Class members who have their claims so mischaracterized are not informed of, nor paid for, diminished value of their vehicles. They are also forced to pay higher deductibles, as mandated by their coverage.

Defendants bring this motion on four independent bases. First, Ms. Shin has failed to exhaust available administrative remedies. Specifically, she has not sought redress from the Washington Office of the Insurance Commissioner ("OIC"). Second, Ms. Shin has never had any contact with EPCIC or EI and lacks standing

to pursue claims against either. Third, Ms. Shin lacks standing to bring her mischaracterization claims because her claim was properly handled under her UIM coverage. Fourth, Ms. Shin's UIM coverage, as a matter of law, does not cover diminished value loss.

**ANALYSIS**

This motion is before the Court in the form of a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. Ms. Shin bears the burden of proving the existence of subject matter jurisdiction. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989); *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Therefore, to survive the Fed. R. Civ. P. 12(b)(1) portion of this motion to dismiss, she must show that she has exhausted all available administrative remedies, or that no such remedies exist. Further, she must show that she has standing to pursue certain claims.

Ms. Shin has adequately shown that administrative remedies are not available; Defendant's motion to dismiss on that basis is DENIED. Ms. Shin has not, however, suffered the type of harm described in her mischaracterization claims. Moreover, that issue is properly before the Court at this time; the Court need not wait until the class certification stage to evaluate Article III standing issues. Defendants' motion to dismiss Plaintiff's mischaracterization claims for lack of standing is GRANTED. Ms. Shin has likewise failed to show she has standing against EPCIC and EI. Defendants' motion to dismiss Plaintiff's claims against those two entities is GRANTED. Ms. Shin will not be allowed leave to amend her complaint to cure either standing deficiency.

Because additional claims remain after resolving all subject matter jurisdiction disputes, the Court must also consider Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The motion to dismiss for failure to state a claim upon which relief may be granted is DENIED. Defendants have not shown that Ms. Shin lacks a cognizable legal theory, nor the absence of sufficient facts to support such a theory.

## A. Exhaustion

Exhaustion of administrative remedies is a jurisdictional prerequisite under both Washington and federal law. *See, e.g., Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002) ("To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication . . . ."); *Retail Store Employees Union v. Wash. Survey & Rating Bureau*, 558 P.2d 215, 226 (Wash. 1976) ("Under the doctrine of exhaustion of remedies, when a claim is cognizable in the first instance by an agency alone, this administrative remedy must be exhausted before the courts will intervene."). Available remedies need not be identical to those available from the Court. Indeed, the exhaustion prerequisite will only be waived where the available administrative remedies are "patently inadequate." *Dioxin/Organochlorine Ctr. v. Dep't of Ecology*, 837 P.2d 1007, 1016 (Wash. 1992). Therefore, if the OIC has the power to offer redress for Ms. Shin's claim, she can not properly be before this Court until that remedy is pursued.

Defendants diligently contend that the OIC's regulatory power does encompass the present claim, and that Ms. Shin has failed to pursue that available remedy. Every policy form used in Washington is first filed with, and approved by, the OIC. RCW 48.18.100. In its examination, the OIC confirms that the policy complies with the Washington Insurance Code and applicable regulations, and does not contain misleading or ambiguous provisions. *Id*. The OIC is additionally empowered to issue cease-and-desist orders, and seek injunctive relief from the courts when an insurer violates the Insurance Code. RCW 48.02.080(3). Any person aggrieved by an act of the Insurance Commissioner, or by the Commissioner's failure to act, is entitled to a public hearing before the OIC. RCW 48.04.010(1). Defendants cite a recent decision by the Honorable John C. Coughenour for the proposition that the type of issue at bar is properly put before the OIC pursuant to the above statutory provisions. *See Taylor v. Bankers Life & Cas. Co.*, No. 08-cv-00447 (W.D. Wash. Aug 29, 2008).

The dispute in this case does not fall within the purview of the OIC and is significantly distinguishable

from *Taylor*. In that case, Judge Coughenour dismissed the plaintiff's claims of improper premium rate increases, citing the fact that the plaintiff had not sought relief from the OIC as the reason for dismissal. *Id*. In doing so, he noted circumstances unique to that case. For instance, he held "[t]he Insurance Code prohibits the precise behavior Plaintiffs allege and extensively regulates the particular contractual relationship at issue between the parties." *Id*. Here, it is not at all clear that the conduct Ms. Shin alleges is explicitly prohibited by the Insurance Code. Moreover, Washington statutes extensively regulate, and specifically provide remedies for, the rate-setting procedures in *Taylor*. There is no such scheme for coverage disputes. Defendants' contention that this is no run-of-the-mill coverage dispute does not hold water. The sheer magnitude of the coverage dispute does not trigger the availability of administrative remedies. Further, Defendants have not, and can not, show that any alleged harm is traceable to the Insurance Commissioner's actions or failure to act. Ms. Shin's policy was approved by the OIC, and mirrors the statutory language of RCW 48.22.030. Because there is no doubt that the policy is consistent with Washington law, there is no basis for the OIC to act.

Furthermore, it would be disingenuous to say that a policy that traces statutory language is misleading for the purposes of the OIC; the OIC's role is to determine consistency. Ms. Shin alleges that the policy unambiguously entitles her to recovery for diminished value loss. Even if any ambiguity is present, it is in the Washington statute. Defendants have cited no authority that directs the OIC to resolve interpretation disputes of otherwise consistent policies.

Defendants' motion to dismiss due to Ms. Shin's alleged failure to exhaust administrative remedies is therefore DENIED.

**B. Standing to Bring Mischaracterization Claims**

To establish Article III standing, a plaintiff must show that he or she (1) suffered an injury in fact that is (2) fairly traceable to the alleged conduct of the defendant, and that is (3) likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Further, a plaintiff cannot

make allegations based solely on unidentified class members. *See, e.g., Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1001 n.7 (9th Cir. 2006). Even in a class action, "constitutional standing requirements [must be] satisfied before proceeding to the merits." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). Ms. Shin argues that the issue is a typicality inquiry not properly before the Court on a motion to dismiss. In particular, she argues that where "claims arise out of the same conduct and involve the same legal theories, the proper inquiry is typicality rather than standing." *Hicks v. Morgan Stanley & Co.*, 2003 WL 21672085, at *5 (S.D.N.Y. July 16, 2003).

As a preliminary point, Ms. Shin's mischaracterization claims do not arise from the same conduct as her diminished value claims, nor do they involve the same legal theories. Defendants' alleged misconduct is wholly distinct from core diminished value claims. The fact that unidentified class members may have standing to make both assertions does nothing to link the two together. More importantly, Ms. Shin simply has not suffered an injury in fact. In fact, she concedes that her claim was properly handled under her UIM coverage but seems to think that she *never* needs to establish standing for a class action. Plaintiff's opposition to Defendants' motion to dismiss merely argues that this is a typicality issue not before the Court, and even if the Court does evaluate typicality at this time, her claims are typical of the class.

This argument misses the point. A plaintiff may not, as Ms. Shin would like, assert a litany of claims against a defendant merely because the plaintiff has standing for one such claim. Defendants' motion to dismiss Ms. Shin's mischaracterization claims for lack of standing is GRANTED. Plaintiff's request for leave to amend to add additional plaintiffs is DENIED. Fed. R. Civ. P. 15(a)(2) mandates that the Court grant leave to amend "when justice so requires." Plaintiff undoubtedly knew at the time this suit was filed that her claim was properly handled under her UIM coverage. It would be incongruous with the notion of fair play to allow a claim to go forward without a constitutionally viable plaintiff.

**C.     Standing to Bring Suit Against EPCIC and EI**

As discussed above, in the context of a class action, at least one named plaintiff must have standing for each claim. Ms. Shin has not alleged any relationship or contact with either EPCIC or EI. Therefore, Defendants argue, she cannot show that her alleged injury is traceable to those entities. Ms. Shin counters that although she had no direct relationship with EPCIC and EI, she did adequately allege that her injuries are fairly traceable to all four named Defendants. Alternatively, she argues that the four Defendants fall under the juridical link exception that applies where there is "some type of legal relationship which relates all defendants in a way that would make single resolution of a dispute preferable to a multiplicity of similar actions." *Leer v. Washington Educ. Ass'n,* 172 F.R.D. 439, 447 (W.D. Wash. 1997).

Ms. Shin's amended complaint asserts that she has standing against all four named Defendants because they are inter-related and alter-egos of each other. Specifically, she cites agreements between the Defendants to set common claim handling practices, and pooled labor resources. These allegations are insufficient to establish standing. Ms. Shin's alleged injuries occurred from her contact with EIC and EISI, not from EIC and EISI's agreements with sister companies. The Court refuses to embrace the notion that all related companies may be haled into court for the actions of one (or in this case two) of those inter-related, but distinct, companies merely because they have agreed on common practices. The purported fact that the companies share employees does not change the undeniable fact that they are still separate companies. Ms. Shin's claims that the companies are alter-egos of each other do not adequately allege that the corporations are so intricately linked that "the separateness of the corporation has ceased to exist." *Grayson v. Nordic Constr. Co.*, 599 P.2d 1271, 1273-74 (Wash. 1979). Moreover, although Plaintiff and Defendants cited Washington law in their briefs, Ms. Shin has not alleged that EPCIC and EI do any business in Washington.[1] That omission raises serious doubt about the appropriateness of those companies being sued in Washington, the level of interconnectedness of the companies, and, in turn, Ms. Shin's relationship with the companies. To allow Ms.

---

[1] Plaintiff claims diminished value is recoverable across the country. That assertion is mystifying, even a cursory examination of case law reveals wildly variable treatment of diminished value loss.

Shin to bring suit against all four named Defendants would run afoul of the Article III standing doctrine.

The juridical link doctrine does not save Ms. Shin's suit against EPCIC and EI. Ms. Shin has cited no authority that restricts the Court from evaluating Article III standing at this time, nor that binds the Court to treat an alleged juridical link as a trump card in the game of applying the Constitution. Defendants' motion to dismiss Plaintiff's claims against EPCIC and EI is GRANTED. For the reasons previously stated, Plaintiff's request for leave to amend to add additional plaintiffs is DENIED. Ms. Shin undoubtedly knew at the time this suit was filed that she only had contact with two of the four named Defendants; she will not be allowed to continue this lawsuit against the other two without standing.

**D.      Diminished Value Loss**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Review is limited to the content of the complaint [and properly incorporated documents], and all allegations of material fact must be taken as true, and construed in the light most favorable to the non-moving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). Under *Bell Atlantic Corp. v. Twombly*, a litigant cannot simply recite the elements of a cause of action to avoid dismissal under this Rule. He must instead "provide the grounds of his entitlement to relief, which requires more than labels and conclusions." 127 S.Ct. 1955, 1964-65 (2007). The litigant must plead a claim that moves "across the line from conceivable to plausible." *Id*. at 1974.

"In Washington, insurance policies are construed as contracts." *Am. Nat'l Fire Ins. Co. v. B & L Trucking & Constr. Co.*, 951 P.2d 250, 256 (Wash. 1998). More specifically, UIM coverage policies are evaluated to ensure that statutorily mandated coverage is "neither whittled away nor eroded." *Greengo v. Pub. Employees Mut. Ins. Co.,* 959 P.2d 657, 660 (Wash. 1998). The UIM statute, however, will not be interpreted in a manner that would unduly impair the parties' rights to contract freely. *Daley v. Allstate Ins. Co.*, 958 P.2d

990, 996 (Wash. 1998). With those guidelines in mind, Defendants' argument rests on two notions: (1) the policy at issue is a contract that restricts recovery to compensation for physical damage, and (2) Ms. Shin has not properly alleged that the damage she seeks to recover is physical damage, as opposed to inherent diminished value.

Defendants have failed to show that Ms. Shin's *trigger* argument is incorrect. The coverage in question allows an insured to recover all damages he or she is legally entitled to recover because of, among other things, physical property damage. In contrast to Defendants' stance that this language constitutes a contract that limits recovery to damages for physical damage, Ms. Shin argues that once there is physical damage, an insured is entitled to recover all damages that flow therefrom. The precise meaning of the policy remains in question. Ms. Shin's argument has, however, crossed the line from conceivable to plausible.

Defendants' proffered interpretation is neither obvious from a plain reading, nor clearly supported by case law. First, the language "because of" tends to run contrary to Defendants' assertions. The phrase can take on several meanings, including *by reason of,*[2] *on account of,*[3] *or resulting from.* All of these meanings run contrary to the idea that the contract limits recovery to compensation *for* physical damage. Indeed, they directly support Ms. Shin's *trigger* argument. For instance, Larry had an agreement with his father. His father would pay him $200 for every A he received his senior year at the University of Washington. He managed to get 12 As and his father paid him $2,400 *for* his good grades. Compensation from his father was expressly limited to that $2,400. Larry also received a scholarship to Yale Law School. That compensation was *because of* his good grades, a natural consequence that flowed from the agreement with his father.

Second, the scope of the cases cited by Defendants does not encompass the issue here. The issue in *Daley* is "whether emotional distress damages unrelated to an insured's physical injury are recoverable."

---

[2] Webster's II New Riverside University Dictionary 161 (1994)

[3] *Id.*

ORDER
Page - 9

*Daley*, 958 P.2d at 992. The emotional distress in that case was attributed to witnessing a death, and did not occur until well after the plaintiff's own injuries had healed. *Id*. at 993. Indeed, the insurance company in that case conceded that an insured "can recover UIM benefits for his emotional distress . . . if the emotional distress . . . existed because of bodily injury sustained by the insured, resulting from the accident." *Id*. (Internal quotations omitted). The *Daley* Court occasionally drifted toward indicating that only damages for physical injury are recoverable. Such as, for instance, when it noted that an insurer is "not required to pay all damages incurred by the plaintiff as the result of an act of a tort-feasor." *Id.* at 996. The *Daley* Court never, however, held such a proposition. Rather, it unequivocally and repeatedly re-stated the issue and held "[t]he term 'bodily injury' is unambiguous and does not include recovery for emotional distress *unrelated to a physical injury*." *Id*. at 998 (emphasis added). Defendants' other support, *Allstate Ins. Co. v. Hammonds*, involved a claim for loss of consortium for an injury to the insured's uninsured 10-year old son.[4] 865 P.2d 560. The *Hammonds* Court held that the father was not entitled to recovery because he was the one insured, not his son. *Id*. The ultimate availability of damages, therefore, appears to fall somewhere in between a strict interpretation that only allows recovery for physical damage, and a loose interpretation that allows all damages that an uninsured motorist would be able to recover from a tort-feasor. Plaintiff's claims fall also in that middle ground. Ms. Shin is not seeking all damages recoverable from a tort-feasor; rather, she clearly asserts that her diminished value loss stems directly from, or actually is, physical damage to her vehicle.

Defendants also contend that Ms. Shin did not properly allege in her amended complaint that the diminished value loss she seeks to recover is itself physical damage. Although ultimately immaterial for the purposes of this order, the Court will briefly address the issue. In her opposition to Defendants' motion to dismiss, Ms. Shin asserts that she is going to prove at trial that actual physical damage remains following full

---

[4] *Daley* and *Hammonds* also discuss public policy and legislative intent. Those issues have not been presented to the Court.

ORDER
Page - 10

repairs.[5] Defendants take issue with that statement, arguing that her amended complaint did not specifically say she would prove physical damage remains, did not define diminished value loss, and in fact that language was redacted from the original complaint. That lack of specificity, however, is not fatal to her claim. Removing the specific assertion from her complaint broadened its scope; it did not eliminate her ability to show that physical damage remains. Moreover, the amended complaint repeatedly asserts that Defendants did not "inspect" cars for diminished value. That language tends to support her assertion that she will show physical damage remains. A car is inspected for physical damage, not to evaluate whether a hypothetical buyer will attach a stigma to the vehicle in question.

To be sure, the Court has reservations about this lawsuit's long-term viability. At this juncture, however, Ms. Shin has sufficiently alleged facts that support a plausible legal theory. Defendants' motion to dismiss for failure to state a claim is DENIED.

**CONCLUSION**

Plaintiff is not required to seek administrative remedies, because no such remedies exist. Defendants'

---

[5] Ms. Shin also provides evidence that automobile's always have some diminished value loss after full repairs where there was frame work, body work, or paint work done. That evidence was improperly admitted and will not be considered.

motion to dismiss for failure to exhaust remedies is, therefore, DENIED. Plaintiff has failed to establish Article III standing for her mischaracterization claims and her claims against EPCIC and EI. Defendants' motion to dismiss those claims for lack of standing is GRANTED. Plaintiff will not be allowed to remedy her standing deficiencies, her request for leave to amend is DENIED. Plaintiff has sufficiently stated a claim upon which relief can be granted. Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss is DENIED.

Dated this 13th day of March, 2009.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE