THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SU SHIN,

        Plaintiff,

v.

ESURANCE INSURANCE COMPANY, a Wisconsin corporation; ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY, a California corporation, ESURANCE INC., a Delaware corporation; and ESURANCE INSURANCE SERVICES, INC., a Delaware corporation,

        Defendants.

CASE No. C08-05626-RBL

## [PROPOSED] FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT AND DISMISSING CLAIMS OF CLASS MEMBERS WITH PREJUDICE

This matter came before the Court for hearing on January 15, 2009. The Court having considered the Settlement Agreement, comments received regarding the settlement, the record in the above captioned action (the "Action"), the evidence presented and the arguments and authorities presented by counsel, and for good cause appearing,

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court, for purposes of this Final Approval Order and Judgment Approving Settlement and Dismissing Claims of Class Members with Prejudice ("Final Approval Order

[PROPOSED] FINAL JUDGMENT AND ORDER
APPROVING SETTLEMENT AND DISMISSING
CLAIMS OF CLASS MEMBERS WITH
PREJUDICE C08-05626-RBL - 1

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

and Judgment") adopts the capitalized terms and their definitions set forth in the Settlement Agreement. The Court has jurisdiction over the subject matter of the Action, the Named Plaintiff, the Class Members and Esurance.

2. The Court finds that the notice to the Class of the pendency of the Action and of this Settlement, via mailed notice as provided by the Settlement Agreement and by this Court's Preliminary Approval Order, dated October 2, 2009, constituted the best notice practicable under the circumstances to all Persons within the definition of the Settlement Class, and fully complied with the requirements of due process and of all applicable statutes and laws.

3. The Court finds that the terms contained within the Settlement Agreement are in all respects fair, reasonable, adequate, just, and in compliance with all applicable requirements of Federal Rule of Civil Procedure 23, Washington law and the Washington and United States Constitutions (including the Due Process Clause), and all other applicable laws, and are in the best interests of the parties and the Class. Accordingly, the Court directs the parties and their counsel to implement and consummate the settlement in accordance with the terms and conditions of the Settlement Agreement.

4. The Court finds that Esurance has served notifications on the appropriate federal and state officials, in compliance with 28 U.S.C. § 1715.

5. Pursuant to Rule 23, the Settlement Class as finally certified shall consist of: each Person who, during the period from October 15, 2002, to the date of the Court's Preliminary Approval Order, meets the following criteria:

>(a) was insured under a personal lines automobile insurance policy providing uninsured motorist property damage coverage or underinsured motorist property damage coverage issued by Esurance;
>
>(b) was involved in an accident with an underinsured, uninsured, or hit and run motorist and reported this type of claim between October 15, 2002 and the date of the Preliminary Approval Order;
>
>(c) for whom the sum of claim payments made by Esurance under any property damage coverage for vehicle repairs exceeded $1000;

[PROPOSED] FINAL JUDGMENT AND ORDER
APPROVING SETTLEMENT AND DISMISSING
CLAIMS OF CLASS MEMBERS WITH
PREJUDICE C08-05626-RBL - 2

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

(d) whose vehicle was less than 6 years old at the time of loss;

(e) whose vehicle had less than 90,000 miles at the time of loss; and

(f) whose vehicle suffered structural (frame) damage and/or required body work.

(g) Notwithstanding the criteria set forth in sub-sections (a)-(f) above, the following are excluded from the Settlement Class:

    (i) claims resulting in total losses;

    (ii) claims for damage to leased, non-owned or temporary substitute vehicles;

    (iii) claims limited to (1) glass repair or replacement, (2) tire replacement, or (3) sound systems repair or replacement, or (4) any combination of (1), (2) and (3) only;

    (iv) claims identified as closed without payment by Esurance;

    (v) claims in which the policyholder was paid for diminished value in addition to the cost of repair;

    (vi) claims involving vehicles that, prior to the accident at issue, had been involved in any other accident;

    (vii) claims arising under a personal lines automobile insurance policy issued by Esurance in the State of Georgia;

    (viii) the Esurance Entities, all present or former officers and/or directors of the Esurance Entities, Class Counsel, the Judge of this Court, the Judge's family and staff, Esurance's counsel of record, and all Persons who make a timely and valid election to be excluded from the Settlement Class in accordance with the provisions of the Individual Notice.

6. For settlement purposes only, the Settlement Class as certified satisfies all the requirements contained in Rule 23, the Washington and United States Constitutions, and any other applicable law.

[PROPOSED] FINAL JUDGMENT AND ORDER
APPROVING SETTLEMENT AND DISMISSING
CLAIMS OF CLASS MEMBERS WITH
PREJUDICE C08-05626-RBL - 3

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

7. In certifying, for settlement purposes only, this Action as a class action, the Court hereby finds that:

(a) there are approximately 2800 Class Members, and that the numerosity criterion of Rule 23(a)(1) is satisfied;

(b) there are questions of law and fact common to the members of the Settlement Class, including:

(i) whether the Class Representative and Class Members had any obligations other than presenting their claim for property damage to Esurance and making their vehicles available for inspection in order to receive compensation for diminished value;

(ii) whether Esurance fulfilled its contractual and claims handling obligations to its policyholders;

(iii) whether Esurance breached its contracts with Class Members; and

(iv) whether the Class Representative and Class Members have sustained damages, and, if so, the proper measure of those damages.

The Court finds that those common issues of law and fact satisfy the Rule 23(a)(2) commonality requirement;

(c) the claims and defenses of the Class Representative are typical of the claims or defenses of the other Class Members, in that the Class Members and the Class Representative all had uninsured motorist property damage coverage or underinsured motorist property damage coverage issued by Esurance, were all involved in accidents with underinsured, uninsured, or hit and run motorists, were all compensated by Esurance for the repairs to their vehicles, and were all not compensated by Esurance for loss due to supposed diminished value, and the typicality requirement of Rule 23(a)(3) is therefore satisfied;

(d) the questions of law and fact common to members of the Settlement Class concerning whether Esurance was obligated to disclose, adjust, and pay for diminished

[PROPOSED] FINAL JUDGMENT AND ORDER
APPROVING SETTLEMENT AND DISMISSING
CLAIMS OF CLASS MEMBERS WITH
PREJUDICE C08-05626-RBL - 4

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

value predominate over any questions affecting only individual members of the Settlement Class, and the predominance requirement of Rule 23(b)(3) is satisfied;

    (e)    the Class Members' individual claims are small, the Class Members do not have an incentive to litigate the claims on an individual basis given the complexity of the issues involved, and as required by Rule 23(b)(3), a class action was and is superior to other available methods for the fair and efficient adjudication of this dispute, considering, *inter alia*: (i) the interests of members of the Settlement Class in individually controlling the prosecution or defense of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by or against members of the Settlement Class; (iii) the desirability or undesirability of prosecuting the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action; and

    (f)    the Class Representative has no interests adverse to the interests of other Class Members, Class Counsel is experienced and competent, and the Class Representative and Class Counsel have and will fairly and adequately protect the interests of the Class Members, and the adequacy requirement of Rule 23(a)(4) is satisfied.

## RELIEF TO THE CLASS

8.    Esurance shall provide relief to the Settlement Class in the form and in the manner specified in the Settlement Agreement.

## APPLICABILITY

9.    The provisions of this Final Approval Order and Judgment are applicable to and binding upon and inure to the benefit of each party to the Action (including each Class Member).

10.    To the extent permitted by law and without affecting the other provisions of this Final Approval Order and Judgment, this Final Approval Order and Judgment is intended by the parties and the Court to be res judicata and to prohibit, enjoin and preclude any prior,

[PROPOSED] FINAL JUDGMENT AND ORDER
APPROVING SETTLEMENT AND DISMISSING
CLAIMS OF CLASS MEMBERS WITH
PREJUDICE C08-05626-RBL - 5

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

concurrent or subsequent litigation brought individually, or in the name of, and/or otherwise on behalf of the Named Plaintiff or any Class Member, with respect to any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, costs, expenses or losses arising out of or relating to the Released Claims, as defined in the Settlement Agreement.

11. All persons who are included within the definition of the Settlement Class and who did not properly file requests for exclusion are therefore bound by this Final Approval Order and Judgment and by the Settlement Agreement and are conclusively deemed to have fully, finally and forever settled and released all Released Claims, as defined in the Settlement Agreement, against the Released Persons.

**ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES**

12. Esurance shall, within ten (10) business days after the Effective Date, subject to receipt by Esurance of a Form W-9 completed and signed by the payee, deliver to Class Counsel, at the address set forth below, a check payable to Reich and Binstock, LLP Trust Account, delivered to Debra Brewer Hayes, Reich and Binstock, LLP, 4265 San Felipe, Ste. 1000, Houston, Texas 77027, unless other delivery instructions are provided to Esurance's counsel in writing by Debra Brewer Hayes, in the amount of $ 198,120.00, as attorneys' fees and costs.

**GENERAL PROVISIONS**

13. The Effective Date of the Settlement shall be thirty (30) days after the date of this Final Approval Order and Judgment or the date determined pursuant to paragraph 63 of the Settlement Agreement, whichever is later.

14. The provisions of this Final Approval Order and Judgment are entered as a result of an agreement and stipulation of the Parties. The Parties' Settlement Agreement and this Final Approval Order and Judgment are not intended to be, and shall not be construed as, any admission, express or implied, of any fault, liability or wrongdoing by Esurance.

[PROPOSED] FINAL JUDGMENT AND ORDER
APPROVING SETTLEMENT AND DISMISSING
CLAIMS OF CLASS MEMBERS WITH
PREJUDICE C08-05626-RBL - 6

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

15. With respect to Persons who have requested exclusion from the Settlement Class, or any other Person seeking to litigate with Esurance over any of the Released Claims or to represent any form of opt-out class from this Settlement, Class Counsel has stipulated, and the Court agrees, that any representation, encouragement, solicitation or other assistance, including but not limited to, referral to other counsel, of or to any Person having requested exclusion from the Settlement Class or any other Person seeking to litigate with Esurance over any of the Released Claims or to represent any form of opt-out class from this Settlement, could place Class Counsel in an untenable conflict of interest with the Settlement Class. Accordingly, Class Counsel and their respective firms are henceforth prohibited (only to the extent that it is otherwise not violative of any applicable rules of professional conduct) from representing, encouraging, soliciting or otherwise assisting, in any way whatsoever, including, but not limited to referrals to other counsel, any Person in requesting exclusion from the Settlement Class, except that suggesting to any such Person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted. Additionally, Class Counsel and their respective firms are henceforth prohibited (only to the extent that it is otherwise not violative of any applicable rules of professional conduct) from representing, encouraging, soliciting or otherwise assisting, in any way whatsoever, any Person who has requested exclusion from the Settlement Class, or who seeks to represent any form of opt-out class from this Settlement, or any other Person, in any subsequent litigation that Person may enter into with Esurance regarding the Released Claims or any related claims, except that suggesting to any such Person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted.

16. As of the Effective Date, by operation of the entry of the Final Approval Order and Judgment, each Class Member shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims (including Unknown Claims) that the Class Members may have against the Released Persons, all as provided for in

[PROPOSED] FINAL JUDGMENT AND ORDER
APPROVING SETTLEMENT AND DISMISSING
CLAIMS OF CLASS MEMBERS WITH
PREJUDICE C08-05626-RBL - 7

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

the Settlement Agreement PROVIDED, HOWEVER, that neither this Final Approval Order nor the Settlement Agreement shall operate to release, waive, relinquish or discharge the bodily injury claims of the Class Members or any other claims of the Class Members outside of the scope of those claims released by virtue of the Settlement Agreement and this Order.

17. Jurisdiction is retained by this Court for the specific purpose of enabling any party to this Final Approval Order and Judgment to apply to the Court at any time for such further orders and directions as may be necessary and appropriate for the construction or carrying out of this Final Approval Order and Judgment, for enforcement of compliance with the terms of this Final Approval Order and Judgment, or to impose appropriate sanctions for any violation of this Final Approval Order and Judgment.

18. All of the claims in this Action shall be and hereby are DISMISSED with prejudice and without leave to amend.

**IT IS SO ORDERED.**

Dated this 28th day of January 2010.

The Honorable Ronald B. Leighton
United States District Judge

Presented by:

_____

Debra B. Hayes
REICH & BINSTOCK
4265 San Felipe, Suite 1000
Houston, TX 77027

David A. Futscher
PARRY DEERING FUTSCHER & SPARKS
P.O. Box 2618
Covington, KY 41012-2618

Van Bunch
Elaine A. Ryan
Patricia N. Syverson

[PROPOSED] FINAL JUDGMENT AND ORDER
APPROVING SETTLEMENT AND DISMISSING
CLAIMS OF CLASS MEMBERS WITH
PREJUDICE C08-05626-RBL - 8

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

| | |
|---|---|
| 1 | BONNETT FAIRBOURN FRIEDMAN & BALINT |
| 2 | 2901 N. Central Avenue, Suite 1000<br>Phoenix, AZ 85012 |
| 3 | |
| 4 | Stephen M. Hansen<br>LOWENBERG, LOPEZ & HANSEN, PS |
| 5 | 950 Pacific Avenue, Suite 450<br>Tacoma, WA 98402 |
| 6 | |
| 7 | _____ |
| 8 | Stellman Keehnel<br>DLA Piper LLP (US) |
| 9 | 701 Fifth Avenue, Suite 7000<br>Seattle, WA 98104 |

[PROPOSED] FINAL JUDGMENT AND ORDER
APPROVING SETTLEMENT AND DISMISSING
CLAIMS OF CLASS MEMBERS WITH
PREJUDICE C08-05626-RBL - 9

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800